IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENDAL DOYLE and MINDY DOYLE, <br><br> Plaintiffs, <br><br> v. <br><br> iO HVAC CONTROLS, JACKSON SYSTEMS LLC, and NILES C. MOSHER, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER RESOLVING PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTIONS <br><br> Case No. 2:25-cv-00190-JNP-CMR <br><br> Chief District Judge Jill N. Parrish <br><br> Chief Magistrate Judge Cecilia M. Romero |

Before the court are two motions for partial summary judgment brought by Plaintiffs Kendal Doyle and Mindy Doyle (collectively the "Doyles"). ECF No. 39 ("Pls.' First Mot."); ECF No. 53 ("Pls.' Second Mot."). For the reasons below, the court GRANTS the first motion and DENIES the second motion.

## BACKGROUND

This case arises from a car accident that occurred on October 5, 2024. ECF No. 39-3 ("Pls.' Ex. 3"). Defendant Niles Mosher ("Mosher") was driving on a highway and crossed the center line of the road, leading to a head-on-head crash with a car driven by Kendal Doyle ("Kendal"). *Id.* The crash caused substantial damage to both vehicles and significant injuries to Kendal. ECF No. 39-1 ("Pls.' Ex. 1"); ECF No. 39-2 ("Pls.' Ex. 2"); ECF No. 39-15 ("Pls.' Ex. 15"). Law enforcement arrived at the scene shortly after the crash and collected statements from various witnesses. Pls.' Ex. 3; ECF No. 4 ("Pls.' Ex. 4"); ECF No. 39-5 ("Pls.' Ex. 5"); ECF No. 39-6 ("Pls.' Ex. 6"); ECF No. 39-7 ("Pls.' Ex. 7"); ECF No. 39-8 ("Pls.' Ex. 8").

Kendal and his spouse Plaintiff Mindy Doyle ("Mindy") brought suit against Mosher and other entities allegedly connected to the crash, including Mosher's alleged employers iO HVAC Controls ("iO HVAC") and Jackson Systems, LLC ("Jackson Systems"). ECF No. 2-1 ("Am. Compl."). These claims include negligence, recklessness, negligent entrustment, and loss of consortium. *Id.* ¶¶ 81–118, 122–27, 132–40. The Doyles also brought claims against EAN Holdings, LLC and Enterprise Rent-a-Car Company of Utah, LLC, which had allegedly rented out the car driven by Mosher, but these claims have been dismissed with prejudice. *Id.* ¶¶ 110, 112–15, 119–21, 128–40; ECF No. 33 ("Order Granting Joint Mot. to Dismiss").

The Doyles have filed two motions for partial summary judgment. They first move for partial summary judgment on their claim of negligence against Mosher.[1] Pls.' First Mot. Mosher, in turn, filed a notice of non-opposition and neither of the remaining defendants filed responsive briefing. ECF No. 44 ("Mosher's Notice of Non-Opp'n"). After receiving leave from the court to file a second partial summary judgment motion, the Doyles moved for the court to "enter partial summary judgment that was alcohol was not a contributing factor to the [c]rash." Pls.' Second Mot. at 2.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of "demonstrate[ing] the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material only if it

---

[1] This motion is limited to Mosher's liability and does not address the relief to which Plaintiffs may be entitled.

might affect the outcome of the suit under the governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186 (10th Cir. 2016) (quoting *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1265–66 (10th Cir. 2015)).

Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). To do so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When applying the summary judgment standard, the court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). When nonmoving parties fail to respond, they "waive[] the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). But the court must still determine that the "material facts asserted and properly supported in the . . . motion . . . entitle the moving party to judgment as a matter of law" before entering summary judgment. *Id.*

## DISCUSSION

### I.    First Motion

Because the first summary judgment motion is uncontested, the only remaining question is whether the Doyles have met their initial burden of setting forth properly supported facts that establish that they are entitled to judgment as a matter of law on their negligence claim against Mosher. To prevail on the negligence claim, the Doyles "must show (1) a duty existed; (2) breach

of that duty; (3) causation, which encompasses both cause-in-fact and proximate cause; and (4) damages." *Smith v. Volkswagen SouthTowne, Inc.*, 513 P.3d 729, 742 n.12 (Utah 2022).

All these elements are sufficiently established with specific facts and evidence. First, the Doyles have adequately established that a duty existed because under Utah law "[a] driver owes a duty of due care to all other persons on the highway." Pls.' First Mot. at 8; *Malan v. Lewis*, 693 P.2d 661, 673 (Utah 1984); *Madsen v. Beacon Roofing Supply*, 561 P.3d 717, 722 (Utah Ct. App. 2024) *cert. denied,* 564 P.3d 959 (Utah 2025). Second, they have adequately established that Mosher breached his duty by improperly crossing over the center line of the road and swerving into Kendal's vehicle. Pls.' First Mot. at 8–9; Pls.' Exs. 4–7; ECF No. 39-12 ("Pls.' Ex. 12").[2] Finally, they have adequately established that this breach was the cause-in-fact and proximate cause of extensive damages, including physical injuries, damage to Kendal's car, and economic damages. Pls.' First Mot. at 8; Pls.' Ex. 2; Pls.' Ex. 15; ECF No. 39-16 ("Pls.' Ex. 16") ¶¶ 3–8.

Therefore, the court concludes that the Doyles have adequately met their initial burden of establishing that there is no genuine dispute of material fact with respect to Mosher's liability for negligence. Accordingly, the first motion for partial summary judgment is GRANTED.

## II.     Second Motion

While iO HVAC and Jackson Systems contest the Doyles's second partial summary judgment motion based on their interpretation of the available evidence, the court need not address the merits of this dispute because the second motion falls outside the scope of Federal Rule of Civil Procedure 56(a) and, therefore, must be dismissed.

---

[2] This exhibit establishes that Mosher pled no contest to various traffic infractions and misdemeanors in connection to the accident, which is prima facie evidence of a breach of duty. *See Child v. Gonda*, 972 P.2d 425, 432 (Utah 1998).

The Doyles move "for partial summary judgment on the matter of whether alcohol contributed to the alleged negligence of . . . Mosher . . . when he crashed" into Kendal's vehicle. Pls.' Second Mot. at 1. Rule 56(a) does contemplate permit partial summary judgment motions, but they only are permissible when a party identifies "the part of each claim or defense . . . on which summary judgment is sought." FED. R. CIV. P. 56(a). By contrast, the issue of whether alcohol contributed to Mosher's negligence is not a direct part of any claim or defense and instead is simply a factual issue, which may or may not be relevant to claims or defenses. As such, it is not a proper basis for a summary judgment motion. *See, e.g.*, *William Powers v. Emcon Assocs., Inc.*, No. 14-CV-03006-KMT, 2017 WL 4102752, at *2 (D. Colo. Sept. 14, 2017) ("This court, as well as others, have expressly found motions seeking to resolve only one issue relevant to a plaintiff's claims to be entirely inappropriate under any provision of Rule 56."); *Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, No. C 09-0465 PJH, 2011 WL 1362178, at *12 (N.D. Cal. Apr. 11, 2011) ("While Rule 56 allows the court in its discretion to find that particular facts are not in dispute, it does not authorize parties to move for 'partial summary judgment' as to a particular fact."); *Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs., Inc.*, No. 1:13CV651, 2017 WL 1378144, at *5 (M.D.N.C. Apr. 11, 2017) ("[Rule 56(a)] is improper as to what Conifer seeks; that is, a pruning of factual allegations related to [the party's] sole breach of contract claim.").

To be sure, Rule 56(g) enables the court to issue an order that requires the parties to treat any material fact as "established in the case" if it is not genuinely dispute. FED. R. CIV. P 56(g). But Rule 56(g) cannot be the basis for the Doyles's motion because it is limited to factual issues that are implicated by a procedurally proper summary judgment motion. FED. R. CIV. P 56(g) advisory committee's note to 2010 amendment ("[Rule 56(g)] becomes relevant only after the

court has applied the summary-judgment standard carried forward in [Rule 56(a)] to each claim, defense, or part of a claim or defense, identified by the motion."); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. CV 3:17-01362, 2021 WL 972295, at *3 (S.D.W. Va. Mar. 15, 2021). And, in any event, the court declines any discretion it may have to issue an order under 56(g). *See Keller v. Diversicare of Council Grove, LLC, No. 23-2556-ADM*, 2025 WL 764639, at *10 (D. Kan. Mar. 11, 2025) ("Whether to undertake a Rule 56(g) analysis lies in the court's sound discretion."). It is unclear what precise factual issue the Doyles seek to be resolved because the question of "whether alcohol contributed to the alleged negligence of . . . Mosher" is amenable to numerous interpretations—and, for example, may correspond to different standards for causation—and does not correspond to any well-defined legal element of a claim or a defense. Pls.' Second Mot. at 1. The Doyles also fail to explain the legal importance of this factual question or show that its resolution will meaningfully "shorten or simplify the trial issues." *Adams v. Klein*, No. CV 18-1330-RGA, 2020 WL 2404772, at *4 (D. Del. May 12, 2020). To the extent that Doyles seek to exclude any arguments or evidence regarding Mosher's alcohol consumption before trial because its minimal relevance does not sufficiently outweigh the risk of "confus[ing] and mislead[ing] the jury," the proper vehicle is a motion in limine under Federal Rules of Evidence 402 and 403. *See* Pls.' Second Mot. at 15–16.

While the impulse to limit what evidence and arguments may be presented at trial is understandable, the Doyles's motion under Rule 56 is simply not the proper means to that end. Consequently, the Doyles's second motion for partial summary judgment is DENIED.

**CONCLUSION AND ORDER**

For the reasons above, the court GRANTS the Doyles's first motion for partial summary

judgment and DENIES their second motion for partial summary judgment.

DATED July 15, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge